Balam O. Letona, Esq. (Cal. Bar No. 229642)
Law Office of Balam O. Letona, Inc.
1509 Seabright Avenue, Ste. C1
Santa Cruz, CA 95062
Telephone: (831) 421-0200
Facsimile:  (831) 421-0400
balam@letonalaw.com

Attorney for Plaintiff:
Cynthia Todd

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA TODD,

    Plaintiff,

    vs.

AT&T CORP., EQUIFAX INFORMATION
SERVICES LLC., EXPERIAN INFORMATION
SOLUTIONS INC., and DOES 1-10.

    Defendants.

**Case No.**

**COMPLAINT FOR DAMAGES**

JURY TRIAL DEMANDED

## I. INTRODUCTION

1.   For the last several years Plaintiff Cynthia Todd has grappled with false and disparaging information appearing on her credit reports. During this time she has filed disputes with the credit reporting bureaus and AT&T Corp., to remove the false information. However, AT&T insists that she owes it money for an account she never opened and during this time the credit reporting agencies insisted on maintaining the inaccurate information.

2.   As a result of Defendants unlawful acts and omissions, Plaintiff's privacy has been invaded, she has suffered emotional distress and injury including, acid reflux, nausea, fatigue, loss of concentration, fear, stress, irritability, shortness of breath, insomnia, embarrassment, fear of applying for credit, marital instability, among other losses.

1

**COMPLAINT FOR DAMAGES**

## II. FACTS

3. On or about June 16, 2014, Ms. Todd obtained a copy of her credit reports from the credit reporting bureaus Transunion Corp., Equifax, and Experian. It was at that time that she discovered two delinquent collection accounts and personal information on those credit reports that were false.

4. The false information included delinquent consumer collection accounts assigned by AT&T to Enhanced Recovery Corporation and IC Systems for collection, and telephone numbers, an address on S. Van Ness Avenue in San Francisco, and a name - Cynthia Wright – never used by Ms. Todd. Only Transunion had reported the IC Systems account. On information and belief, the S. Van Ness Avenue address was Cynthia Wright's personal residence in San Francisco.

5. Almost four years earlier, in August 2010 AT&T notified Plaintiff about AT&T accounts opened and associated with Plaintiff at the S. Van Ness address. AT&T contacted Ms. Todd via mail at her Oakland, California home. Ms. Todd disputed she opened the accounts and informed AT&T that she never lived at the S.Van Ness location. At that time AT&T conducted an investigation and determined that Plaintiff had not opened the account and she would not be responsible for any charges. Despite this, on information and belief, years later AT&T Corp., assigned those accounts to Enhanced and IC Systems for collection.

**September 2014 Disputes**

6. In early September 2014, Ms. Todd disputed the false information with the credit bureaus stating the name, address, telephone numbers and collection accounts were not hers, requested that the false information be deleted and included documents identifying Ms. Todd, such as her California driver's license. Transunion immediately corrected her credit report, but not Equifax or Experian.

7. Equifax verified the Enhanced Recovery account and deleted the S. Van Ness address. At the time Equifax had not associated Plaintiff with the name Cynthia Wright on

2

**COMPLAINT FOR DAMAGES**

1  credit reports obtained by Plaintiff.

2      8.   Experian also verified the Enhanced Recovery account and maintained that

3  Cynthia Wright was a name used by Plaintiff. Experian did not report the S.Van Ness address

4  on credit reports obtained by Plaintiff.

5      9.   On information and belief, when the credit reporting agencies received Plaintiff's

6  disputes they notified Enhanced Recovery of these dispute as required by 15 U.S.C.A. §

7  1681i(a)(2). Both Equifax, and Experian failed to conduct a reasonable investigation into

8  Plaintiff's dispute and refused to correct their inaccurate reporting.

9  **January 2015 Disputes**

10      10.   Later in early January 2015 Ms. Todd sent new dispute letters to Equifax and

11  Experian. She also sent a dispute letter to Enhanced Recovery. The new letters included

12  additional information, including a March 2009 Notice of Hearing and Temporary

13  Restraining Order ("RO") filed in the Superior Court of California, County of San Francisco

14  against Cynthia Wright. The RO listed Ms. Wright's residence as the same S. Van Ness

15  Avenue disputed by Plaintiff and included a physical description that doesn't match Plaintiff.

16      11.   In addition the January 2015 dispute letter stated that in August 2010 AT&T had

17  notified Plaintiff about the AT&T accounts and AT&T determined that Plaintiff had not

18  opened the account and it would not hold Plaintiff responsible for the charges. On

19  information and belief, when Experian and Equifax received Plaintiff's disputes it notified

20  Enhanced Recovery of these dispute as required by 15 U.S.C.A. § 1681i(a)(2).

21      12.   Equifax deleted the Enhanced Recovery account, however, it had and continued to

22  remove Ms. Todd's past addresses in San Jose and Oakland, CA there were accurate and

23  never disputed.

24      13.   Experian never sent Plaintiff the results of its re-investigation or whether any

25  reinvestigation occurred. So in May 2015 Plaintiff paid to obtain a copy of her credit report

26  from Experian. Though the Enhanced Recovery account did not appear the name Cynthia

27  3

28  **COMPLAINT FOR DAMAGES**

Wright remained. In addition, Plaintiff discovered that Experian had allowed Comcast, a utility company, to obtain a copy of her Experian credit report without a permissible purpose on December 14, 2013.

14. Later, after she sent another dispute letter Experian removed the name Cynthia Wright and the Comcast inquiry from her credit report. On information and belief, Enhanced Recovery informed its client AT&T Corp., of Plaintiff's disputes.

**February 2015 Dispute to AT&T**

15. Defendant National Consumer Telecom and Utilities Exchange, Inc., ("NCTUE") is a credit reporting bureau that collects data from utility companies regarding new connect requests, payment history and historical account status.

16. NCTUE is the primary credit reporting agency AT&T uses to directly report customer account information. Among other things, AT&T reports payment history, delinquencies, names, telephone numbers and addresses to NCTUE. On information and belief, AT&T Corp., furnished the account information found on all of Plaintiff's NCTUE credit report described herein.

17. In November 2014, Plaintiff obtained a copy of her NCTUE report. It listed an AT&T uVerse account #10678* as belonging to Plaintiff. The report stated that the AT&T account had been disconnected on September 9, 2010, with a current charge-off amount of $142.85 still owing. The address reporting for the account was the same S. Van Ness Avenue address that Plaintiff had earlier disputed.

18. In early February 2015, Plaintiff sent a dispute letter to AT&T. Among other things, the letter included the RO, and her CA driver's license. Furthermore, the letter detailed the events of August 2010 wherein at the time AT&T had agreed with Plaintiff that the AT&T account was not hers and it would not charge her. In addition, Plaintiff had contemporaneous telephone calls with AT&T representatives disputing the account.

19. In March 2015, AT&T notified Plaintiff that based on its investigation it had

4

**COMPLAINT FOR DAMAGES**

1   concluded that Plaintiff was responsible for the AT&T bill, that further collection action will

2   continue on the account and "to protect your credit, please contact us as soon as possible."

3   AT&T failed to conduct a reasonable investigation into Plaintiff's dispute.

4        20.  In July 2015 and May 2016, Plaintiff obtained a copy of her NCTUE credit report.

5   The same AT&T account appeared along with the derogatory information and the account is

6   not listed as disputed.

7        21.  Throughout 2014 to the present, Plaintiff has spoke with Defendants mentioned

8   herein and other entities in an attempt to resolve her disputes.

9        22.  Equifax, Experian, and AT&T failed to conduct a reasonable investigation into

10  Plaintiffs' dispute.

11       23.  As a result of Defendants unlawful acts and omissions, Plaintiff's privacy has been

12  invaded, she has suffered emotional distress and injury including, painful acid reflux, nausea,

13  fatigue, loss of concentration, fear, stress, irritability, shortness of breath, insomnia,

14  embarrassment, fear of applying for credit, marital instability, among other losses.

15                          **III. JURISDICTION AND PARTIES**

16       24.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

17  substantial part of the events or omissions giving rise to the claim occurred in this judicial

18  district. Venue is also proper pursuant to 28 U.S.C. § 1391(c)-(d). Jurisdiction is proper

19  pursuant 15 U.S.C. § 1681.

20       25.  Cynthia Todd ("Plaintiff") is a resident of California.

21       26.  Defendant AT&T Corp., is a national corporation that regularly conducts business

22  in this district. AT&T is an entity that is governed and restricted by the FCRA, and is

23  regularly engaged in the business of assembling, evaluating, publishing and dispersing

24  information concerning consumers credit to others. AT&T Corp., obtains and uses such

25  consumer reports in the course of its business.

26       27. Defendant Equifax Information Systems, LLC., ("Equifax or Defendant") is a

27                                    5

28                      **COMPLAINT FOR DAMAGES**

limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

28. Defendant Experian Information Solutions, Inc., ("Experian or Defendant") is a corporation that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

29. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiffs, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

30. At all relevant times, the conduct of each defendant herein, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff.

31. At all times mentioned herein, each defendant and employee of defendant named above was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment and under direct supervision and control of each defendant. The defendants are jointly and severally liable to Plaintiff. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**15.U.S.C. §1681i and §1681e**
**(Equifax Only)**

32. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

6

**COMPLAINT FOR DAMAGES**

33.  Within the two years preceding the filing of this complaint, Plaintiff notified Equifax of inaccuracies contained in its reports and she asked Equifax to correct those inaccuracies.

34.  Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed. Equifax failed to review and consider all relevant information submitted by Plaintiff. And, Equifax failed to provide timely and complete notification to the furnisher of the disputed information. As such, Equifax negligently and willfully violated 15 U.S.C. §1681i.

35.  Equifax failed to comply and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file and in violation of 15 U.S.C. §1681e(b). That violation was negligent and willful.

36.  As a result, Plaintiff has been damaged and seek actual, statutory and punitive damages for Equifax's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

## SECOND CLAIM FOR RELIEF
### 15.U.S.C. §1681i and §1681e
### (Experian Only)

37.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

38.  Within the two years preceding the filing of this complaint, Plaintiff notified Experian of inaccuracies contained in its reports and she asked Experian to correct those inaccuracies.

39.  Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed. Experian failed to review and consider all relevant information submitted by Plaintiff. Experian failed to notify Plaintiff of the results of its reinvestigation or whether a reinvestigation had occurred. And, Experian failed to provide timely and complete notification to the furnisher of the disputed information. As such, Experian negligently and

7

**COMPLAINT FOR DAMAGES**

willfully violated 15 U.S.C. §1681i.

40. Experian failed to comply and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file and in violation of 15 U.S.C. §1681e(b). That violation was negligent and willful.

41. As a result, plaintiffs have been damaged and seek actual, statutory and punitive damages for Experian's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

### THIRD CLAIM FOR RELIEF
### Civ. Code §1785.25(a)
### (AT&T Corp. Only)

42. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

43. Defendant negligently and willfully furnished information to the credit reporting agencies with respect to Plaintiff it knew or should have known was inaccurate, misleading and incomplete.

44. Defendant failed to conduct a reasonable investigation as to whether its credit reporting with respect to Plaintiff was accurate, misleading or incomplete.

45. Plaintiff is entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code §1785.31, as a result of Defendant's willful and malicious conduct.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For statutory, actual and punitive damages, pursuant to 15 U.S.C § 1681n, §1681o.

2. For statutory, actual and punitive damages pursuant to Civ. Code §1785.31, as well as injunctive relief;

3. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action pursuant to the Civ. Code § 1785.31, and 15

**COMPLAINT FOR DAMAGES**

1    U.S.C § 1681n, §1681o;

2    4.   For such other and further relief as the Court may deem just and proper.

3  Respectfully submitted,

4  Date: June 15, 2016

5                    /s/ Balam O. Letona

6    _____

7                    Balam O. Letona, Esq.
                     Attorney for Plaintiff

8                    **DEMAND FOR JURY TRIAL**

9

10  PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury of all triable issues
    of fact in the above-captioned case.

11

12                    /s/ Balam O. Letona

13    _____

                     Balam O. Letona, Esq.

14

15

16

17

18

19

20

21

22

23

24

25

26

27                    9

28  **COMPLAINT FOR DAMAGES**