1  Balam O. Letona, Esq. (Cal. Bar No. 229642)
   Law Office of Balam O. Letona, Inc.
2  1509 Seabright Avenue, Ste. C1
   Santa Cruz, CA 95062
3  Telephone: (831) 421-0200
   Facsimile:  (831) 421-0400
4  balam@letonalaw.com
5
   Attorney for Plaintiff:
6  Cynthia Todd

7               **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
8

9  CYNTHIA TODD,                          | **Case No. 16-cv-03357 EDL**

10               Plaintiff,               | **FIRST AMENDED COMPLAINT FOR**
                                          | **DAMAGES**
11        vs.
                                          | JURY TRIAL DEMANDED
12
   AT&T CORP., EQUIFAX INFORMATION
13 SERVICES LLC., NATIONAL CONSUMER
   TELECOM and UTILITIES EXCHANGE, INC.,
14 EXPERIAN INFORMATION SOLUTIONS INC.,
   and DOES 1-10.
15
16               Defendants.

17                        **I. INTRODUCTION**

18     1.   For the last several years Plaintiff Cynthia Todd has grappled with false and

19 disparaging information appearing on her credit reports. During this time she has filed

20 disputes with the credit reporting bureaus and AT&T Corp., to remove the false information.

21 However, AT&T insists that she owes it money for an account she never opened and during

22 this time the credit reporting agencies insisted on maintaining the inaccurate information.

23     2.   As a result of Defendants unlawful acts and omissions, Plaintiff's privacy has been

24 invaded, she has suffered emotional distress and injury including, acid reflux, nausea, fatigue,

25 loss of concentration, fear, stress, irritability, shortness of breath, insomnia, embarrassment,

26 fear of applying for credit, marital instability, among other losses.

27                                    1

28           **FIRST AMENDED COMPLAINT FOR DAMAGES**

## II. FACTS

3.   On or about June 16, 2014, Ms. Todd obtained a copy of her credit reports from the credit reporting bureaus Transunion Corp., Equifax, and Experian. It was at that time that she discovered two delinquent collection accounts and personal information on those credit reports that were false.

4.   The false information included delinquent consumer collection accounts assigned by AT&T to Enhanced Recovery Corporation and IC Systems for collection, and telephone numbers, an address on S. Van Ness Avenue in San Francisco, and a name - Cynthia Wright – never used by Ms. Todd. Only Transunion had reported the IC Systems account. On information and belief, the S. Van Ness Avenue address was Cynthia Wright's personal residence in San Francisco.

5.   Almost four years earlier, in August 2010 AT&T notified Plaintiff about AT&T accounts opened and associated with Plaintiff at the S. Van Ness address. AT&T contacted Ms. Todd via mail at her Oakland, California home. Ms. Todd disputed she opened the accounts and informed AT&T that she never lived at the S.Van Ness location. At that time AT&T conducted an investigation and determined that Plaintiff had not opened the account and she would not be responsible for any charges. Despite this, on information and belief, years later AT&T Corp., assigned those accounts to Enhanced and IC Systems for collection.

6.   Defendant National Consumer Telecom and Utilities Exchange, Inc., ("NCTUE") is entity that keeps reporting false information on Plaintiff's credit report. NCTUE is a credit reporting bureau that collects data from utility companies regarding new connect requests, payment history and historical account status.

**September 2014 Disputes**

7.   In early September 2014, Ms. Todd disputed the false information with the credit bureaus stating the name, address, telephone numbers and collection accounts were not hers, requested that the false information be deleted and included documents identifying Ms. Todd,

2

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1  such as her California driver's license. Transunion immediately corrected her credit report,
2  but not Equifax or Experian.

3       8.   Equifax verified the Enhanced Recovery account and deleted the S. Van Ness
4  address. Equifax did not list the name Cynthia Wright on the June 2014 credit report it
5  disclosed to Plaintiff.

6       9.   Experian also verified the Enhanced Recovery account and maintained that
7  Cynthia Wright was a name used by Plaintiff. Experian did not list the S.Van Ness address on
8  the June 2014 credit reports it disclosed to Plaintiff.

9       10.  On information and belief, when the credit reporting agencies received Plaintiff's
10 disputes they notified Enhanced Recovery of these dispute as required by 15 U.S.C.A. §
11 1681i(a)(2). Both Equifax, and Experian failed to conduct a reasonable investigation into
12 Plaintiff's dispute and refused to correct their inaccurate reporting.

13 **December 2014 Dispute to NCTUE**

14      11.  Defendant National Consumer Telecom and Utilities Exchange, Inc., ("NCTUE")
15 is a credit reporting bureau that collects data from utility companies regarding new connect
16 requests, payment history and historical account status.

17      12.  AT&T uses NCTUE to directly report customer account information. It is the
18 primary credit reporting agency AT&T uses. Among other things, AT&T reports payment
19 history, delinquencies, names, telephone numbers and addresses to NCTUE. On information
20 and belief, AT&T Corp., furnished the account information described herein on all of
21 Plaintiff's NCTUE credit reports.

22      13.  In November 2014, Plaintiff obtained a copy of her NCTUE report. It listed an
23 AT&T uVerse account #10678* as belonging to Plaintiff. The report stated that the AT&T
24 account had been disconnected on September 9, 2010, with a current charge-off amount of
25 $142.85 still owing. The address reporting for the account was the same S. Van Ness Avenue
26 address that Plaintiff had earlier disputed.

27                                    3
28 _____
   **FIRST AMENDED COMPLAINT FOR DAMAGES**

14. In December 2014, Plaintiff disputed the AT&T uVerse account with NCTUE. In the dispute Plaintiff stated the account was not hers, it was fraudulent and that long ago AT&T had agreed that the account wasn't hers and AT&T would close the account and take care of it. Finally, Plaintiff stated that the S. Van Ness Avenue address was not hers, she never lived at the address and it was fraudulent.

15. Plaintiff never heard from NCTUE. However, on or about December 30, 2014, Equifax sent Plaintiff a copy of her Equifax credit report. The credit report stated "Results of Your Investigation" wherein Equifax deleted several accurate addresses from Plaintiff's credit file and stated that the S. Van Ness Avenue address and the AT&T uVerse account does not appear on Plaintiff's Equifax credit file. The Equifax credit report never states the results of any investigation was for or on behalf of NCTUE and never mentions the words NCTUE or National Consumer Telecom and Utilities Exchange, Inc.

16. On information and belief, NCTUE failed to conduct a reasonable investigation of Plaintiff's disputes, provide written notice of the results of a reinvestigation and on information and belief, failed to notify AT&T of Plaintiff's disputes as required by 15 U.S.C.A. § 1681i(a)(2).

**January 2015 Disputes to Equifax and Experian**

17. Later in early January 2015 Ms. Todd sent new dispute letters to Equifax and Experian. She also sent a dispute letter to Enhanced Recovery. The new letters included additional information, including a March 2009 Notice of Hearing and Temporary Restraining Order ("RO") filed in the Superior Court of California, County of San Francisco against Cynthia Wright. The RO listed Ms. Wright's residence as the same S. Van Ness Avenue disputed by Plaintiff and included a physical description that doesn't match Plaintiff.

18. In addition the January 2015 dispute letter stated that in August 2010 AT&T had notified Plaintiff about the AT&T accounts and AT&T determined that Plaintiff had not opened the account and it would not hold Plaintiff responsible for the charges. On

4

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1   information and belief, when Experian and Equifax received Plaintiff's disputes it notified

2   Enhanced Recovery of these dispute as required by 15 U.S.C.A. § 1681i(a)(2).

3       19.  Equifax deleted the Enhanced Recovery account, however, it removed some of

4   Ms. Todd's past addresses in San Jose and Oakland, CA there were accurate and never

5   disputed.

6       20.  Whereas, Experian never sent Plaintiff the results of its re-investigation or whether

7   any reinvestigation occurred. So in May 2015 Plaintiff paid to obtain a copy of her credit

8   report from Experian. Though the Enhanced Recovery account did not appear the name

9   Cynthia Wright remained. In addition, Plaintiff discovered that Experian had allowed

10  Comcast, a utility company, to obtain a copy of her Experian credit report without a

11  permissible purpose on December 14, 2013.

12      21.  Later, after she sent another dispute letter Experian removed the name Cynthia

13  Wright and the Comcast inquiry from her credit report. On information and belief, Enhanced

14  Recovery informed its client AT&T Corp., of Plaintiff's disputes.

15  **February 2015 Dispute to AT&T**

16      22.  On or about, January 7, 2015, Plaintiff spoke with AT&T and disputed the AT&T

17  account number. AT&T continued to hold Plaintiff responsible for the debt.

18      23.  In early February 2015, Plaintiff sent a dispute letter to AT&T. Among other

19  things, the letter included the RO, and her CA driver's license. Furthermore, the letter detailed

20  the events of August 2010 wherein at the time AT&T had agreed with Plaintiff that the

21  AT&T account was not hers and it would not charge her. In addition, Plaintiff had

22  contemporaneous telephone calls with AT&T representatives disputing the account.

23      24.  In March 2015, AT&T notified Plaintiff that based on its investigation it had

24  concluded that Plaintiff was responsible for the AT&T bill, that further collection action will

25  continue on the account and "to protect your credit, please contact us as soon as possible."

26  AT&T failed to conduct a reasonable investigation into Plaintiff's dispute.

27                              5

28              **FIRST AMENDED COMPLAINT FOR DAMAGES**

**November 2015 Dispute to NCTUE**

25.  On July 31, 2015, Plaintiff obtained a copy of her NCTUE credit report. The same AT&T account appeared along with the derogatory information and the account is not listed as disputed. Under the monthly payment history of the NCTUE report, it stated Plaintiff had a $142.85 charge-off amount for November 1, 2014. The address reporting for the account was the same S. Van Ness Avenue address that Plaintiff had earlier disputed.

26.  The NCTUE listed a 'date reported' by AT&T of January 11, 2015. On information and belief, AT&T updated its reporting on Plaintiff's NCTUE credit report on or about January 11, 2015.

27.  In November 2015, Plaintiff again disputed the NCTUE account. She again requested that the account be deleted and included a copy of her CA driver's license, the RO and stated her belief that a Cynthia Wright resided at the S.Van Ness Avenue address and Ms. Wright opened the account.

28.  Plaintiff never heard from NCTUE. However, on or about December 1, 2015, Equifax sent Plaintiff a copy of her Equifax credit report. The credit report stated "Results of Your Investigation" wherein Equifax stated that the S. Van Ness Avenue address and the AT&T uVerse account does not appear on Plaintiff's Equifax credit file. The Equifax credit report never states the results of any investigation was for or on behalf of NCTUE and never mentions the words NCTUE or National Consumer Telecom and Utilities Exchange, Inc.

29.  On information and belief, NCTUE failed to conduct a reasonable investigation of Plaintiff's disputes, provide written notice of the results of a reinvestigation and on information and belief, failed to notify AT&T of Plaintiff's disputes as required by 15 U.S.C.A. § 1681i(a)(2).

**May 2016 NCTUE Report**

30.  In May 2016, Plaintiff obtained a copy of her NCTUE credit report. Her report is now worse. The derogatory AT&T account and S.Van Ness Avenue address remain, neither

6

**FIRST AMENDED COMPLAINT FOR DAMAGES**

is listed as disputed, however, now a Comcast account appears with a -$100 balance listing the same S. Van Ness Avenue for the account address. Plaintiff has never had a Comcast account. The address reporting for the AT&T and Comcast account was the same S. Van Ness Avenue address that Plaintiff had earlier disputed.

31.  In June 2016, Plaintiff again disputed the NCTUE account. She again requested that the AT&T account be deleted and requested that the Comcast be deleted. She included a copy of her CA driver's license, the RO and stated her belief that a Cynthia Wright resided at the S.Van Ness Avenue address and Ms. Wright opened the account.

32.  Plaintiff never heard from NCTUE. However, on or about June 27, 2016, Equifax sent Plaintiff a copy of her Equifax credit report. The credit report stated "Results of Your Investigation" wherein Equifax stated that the S. Van Ness Avenue address and the AT&T uVerse account and Comcast account do not appear on Plaintiff's Equifax credit file. The Equifax credit report never states the results of any investigation was for or on behalf of NCTUE and never mentions the words NCTUE or National Consumer Telecom and Utilities Exchange, Inc.

33.  On information and belief, NCTUE failed to conduct a reasonable investigation of Plaintiff's disputes, provide written notice of the results of a reinvestigation and on information and belief, failed to notify AT&T of Plaintiff's disputes as required by 15 U.S.C.A. § 1681i(a)(2).

34.  Throughout 2014 to the present, Plaintiff has spoke with Defendants mentioned herein and other entities in an attempt to resolve her disputes.

35.  NCTUE, Equifax, Experian, and AT&T failed to conduct a reasonable investigation into Plaintiffs' dispute.

36.  The false, derogatory, incomplete and inaccurate information mentioned herein negatively reflects upon Plaintiff's credit repayment history, her reputation, her financial responsibility and credit worthiness.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

37.  As a result of Defendants unlawful acts and omissions, Plaintiff's privacy has been invaded, she has suffered emotional distress and injury including, painful acid reflux, nausea, fatigue, loss of concentration, fear, stress, irritability, shortness of breath, insomnia, embarrassment, fear of applying for credit, marital instability, among other losses.

### III. JURISDICTION AND PARTIES

38.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1391(c)-(d). Jurisdiction is proper pursuant 15 U.S.C. § 1681.

39.  Cynthia Todd ("Plaintiff") is a resident of California.

40.  Defendant AT&T Corp., is a national corporation that regularly conducts business in this district. AT&T is an entity that is governed and restricted by the FCRA, and is regularly engaged in the business of assembling, evaluating, publishing and dispersing information concerning consumers credit to others. AT&T Corp., obtains and uses such consumer reports in the course of its business.

41.  Defendant Equifax Information Systems, LLC., ("Equifax or Defendant") is a limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

42.  Defendant Experian Information Solutions, Inc., ("Experian or Defendant") is a corporation that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

43.  Defendant National Consumer Telecom and Utilities Exchange, Inc., ("NCTUE or Defendant") is a corporation that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

44.  Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiffs, and who therefore are sued by such fictitious

**FIRST AMENDED COMPLAINT FOR DAMAGES**

names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

45.  At all relevant times, the conduct of each defendant herein, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff.

46.  At all times mentioned herein, each defendant and employee of defendant named above was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment and under direct supervision and control of each defendant. The defendants are jointly and severally liable to Plaintiff. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 15.U.S.C. §1681i
### (Equifax Only)

47.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

48.  Within the two years preceding the filing of this complaint, Plaintiff notified Equifax of inaccuracies contained in its reports and she asked Equifax to correct those inaccuracies.

49.  Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed. Equifax failed to review and consider all relevant information submitted by Plaintiff. And, Equifax failed to provide timely and complete notification to the furnisher of the disputed information. As such, Equifax negligently and willfully violated 15 U.S.C.

9

**FIRST AMENDED COMPLAINT FOR DAMAGES**

§1681i.

50. Equifax failed to comply and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file and in violation of 15 U.S.C. §1681e(b). That violation was negligent and willful.

51. As a result, Plaintiff has been damaged and seek actual, statutory and punitive damages for Equifax's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

## SECOND CLAIM FOR RELIEF
### 15.U.S.C. §1681e
### (Equifax Only)

52. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

53. Within the two years preceding the filing of this complaint, Plaintiff notified Equifax of inaccuracies contained in its reports and she asked Equifax to correct those inaccuracies.

54. Equifax failed to comply and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file and in violation of 15 U.S.C. §1681e(b). That violation was negligent and willful.

55. As a result, Plaintiff has been damaged and seek actual, statutory and punitive damages for Equifax's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

## THIRD CLAIM FOR RELIEF
### 15.U.S.C. §1681i
### (Experian Only)

56. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

57. Within the two years preceding the filing of this complaint, Plaintiff notified Experian of inaccuracies contained in its reports and she asked Experian to correct those

**FIRST AMENDED COMPLAINT FOR DAMAGES**

inaccuracies.

58.  Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed. Experian failed to review and consider all relevant information submitted by Plaintiff. Experian failed to notify Plaintiff of the results of its reinvestigation or whether a reinvestigation had occurred. And, Experian failed to provide timely and complete notification to the furnisher of the disputed information. As such, Experian negligently and willfully violated 15 U.S.C. §1681i.

59.  As a result, plaintiffs have been damaged and seek actual, statutory and punitive damages for Experian's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

## FOURTH CLAIM FOR RELIEF

### 15.U.S.C. §1681e
### (Experian Only)

60.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

61.  Within the two years preceding the filing of this complaint, Plaintiff notified Experian of inaccuracies contained in its reports and she asked Experian to correct those inaccuracies.

62.  Experian failed to comply and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file and in violation of 15 U.S.C. §1681e(b). That violation was negligent and willful.

63.  As a result, plaintiffs have been damaged and seek actual, statutory and punitive damages for Experian's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

## FIFTH CLAIM FOR RELIEF

### 15.U.S.C. §1681i
### (NCTUE Only)

11

**FIRST AMENDED COMPLAINT FOR DAMAGES**

64. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

65. Within the two years preceding the filing of this complaint, Plaintiff notified NCTUE of inaccuracies contained in its reports and she asked NCUTE to correct those inaccuracies.

66. NCTUE failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed. NCTUE failed to review and consider all relevant information submitted by Plaintiff. NCTUE failed to notify Plaintiff of the results of its reinvestigation and whether a reinvestigation had occurred. And, NCTUE failed to provide timely and complete notification to the furnisher of the disputed information. As such, NCTUE negligently and willfully violated 15 U.S.C. §1681i.

67. As a result, plaintiffs have been damaged and seek actual, statutory and punitive damages for NCTUE's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

**SIXTH CLAIM FOR RELIEF**
**15.U.S.C. §1681e**
**(NCTUE Only)**

68. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

69. Within the two years preceding the filing of this complaint, Plaintiff notified NCTUE of inaccuracies contained in its reports and she asked NCUTE to correct those inaccuracies.

70. NCTUE failed to comply and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file and in violation of 15 U.S.C. §1681e(b). That violation was negligent and willful.

71. As a result, plaintiffs have been damaged and seek actual, statutory and punitive damages for NCTUE's negligent and willful violations of the FCRA pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1691o.

12

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**SEVENTH CLAIM FOR RELIEF**
**Civ. Code §1785.25(a)**
**(AT&T Corp. Only)**

72.  Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

73.  Defendant negligently and willfully furnished information to the credit reporting agencies with respect to Plaintiff it knew or should have known was inaccurate, misleading and incomplete.

74.  Defendant failed to conduct a reasonable investigation as to whether its credit reporting with respect to Plaintiff was accurate, misleading or incomplete.

75.  Plaintiff is entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code §1785.31, as a result of Defendant's willful and malicious conduct.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.   For statutory, actual and punitive damages, pursuant to 15 U.S.C § 1681n, §1681o.

2.   For statutory, actual and punitive damages pursuant to Civ. Code §1785.31, as well as injunctive relief;

3.   For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action pursuant to the Civ. Code § 1785.31, and 15 U.S.C § 1681n, §1681o;

4.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date: July 26, 2016

/s/ Balam O. Letona

---

Balam O. Letona, Esq.
Attorney for Plaintiff

//

13

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Balam O. Letona
_____

Balam O. Letona, Esq.

**FIRST AMENDED COMPLAINT FOR DAMAGES**