United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA TODD,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T CORP., et al.,<br><br>    Defendants. | Case No. 16-cv-03357-HSG (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 77 |

## INTRODUCTION

Pending before the Court is a Joint Discovery Letter Brief filed by Plaintiff Cynthia Todd ("Plaintiff") and Defendants Equifax Information Services LLC and National Consumer Telecom and Utilities Exchange (together, "Defendants"). Ltr. Br., Dkt. No. 77. The Letter Brief addresses Plaintiff's attempts to discover Defendants' net worth. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors

bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

## DISCUSSION

Plaintiff alleges Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i & 1681e. *See* Am. Compl., Dkt. No. 5. She requests Defendants produce information regarding their net worth, arguing net worth is relevant to the issue of punitive damages. Ltr. Br. at 2; Letona Decl. ¶ 4, Dkt. No. 77-1; *see* 15 U.S.C. § 1681n(a)(1)(B)(2). Defendants argue their net worth is not relevant and that the information would be unduly prejudicial. Ltr. Br. at 3.

The Supreme Court has cautioned district courts against allowing plaintiffs to introduce evidence of a corporate defendant's net worth to establish punitive damages, as "the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big business[.]" *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003). Despite this potential risk, "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded." *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 270 (1981). There is no blanket prohibition against the introduction of such evidence at trial; indeed, California district courts have allowed limited discovery on a defendant's net worth in federal question cases, as well as presentation of this evidence to jurors, because it is relevant to punitive damages.[1] *See, e.g.*, *Reddy v. Nuance*

---

[1] Under the laws of some states, including California's, jurors must consider evidence regarding a defendant's financial condition when awarding punitive damages. *See Adams v. Murakami*, 54 Cal. 3d 105, 109-112 (1991). Courts in this district that apply California law in diversity actions therefore routinely compel discovery of financial information as being relevant to punitive damages. *See, e.g.*, *LL B Sheet 1, LLC v. Loskutoff*, 2016 WL 7451632, at *1-3 (N.D. Cal. Dec. 28, 2016) ("Information related to a defendant's current net worth and financial condition is 'clearly relevant to the issue of punitive damages.'" (quoting *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831, at *1-3 (N.D. Cal. Mar. 9, 2011) (citing *City of Newport*, 453 U.S. at 270))); *Carrasco v. Campagna*, 2007 WL 81909, at *1 (N.D. Cal. Jan. 9, 2007) (defendants' financial condition, "while not the sole factor, is probative of the amount of punitive damages that should

*Comms., Inc.*, 2015 WL 4648008, at *3 (N.D. Cal. Aug. 5, 2015) (denying motion in limine to exclude evidence of defendant's net worth or financial condition for purposes of damages: "the relevance of [defendant's] net worth outweighs any prejudice."); *Zuniga v. W. Apartments*, 2014 WL 2599919, at *4 (C.D. Cal. Mar. 25, 2014) (granting motion to compel responses to interrogatory asking defendants in federal Fair Housing Act action to state their net worth: evidence of defendant's current net worth was "relevant and admissible to establish the appropriate amount of punitive damages." (citing *City of Newport*, 435 U.S. at 270)); *Henderson v. Peterson*, 2011 WL 2838169, at *15-16 (N.D. Cal. July 15, 2011) (granting defendants' motion to bifurcate punitive damages phase in 42 U.S.C. §1983 action: "Should the jury return a verdict and a compensatory damage award in favor of Plaintiff, the proceedings will resume and the parties may present evidence and/or testimony germane to punitive damages (i.e., evidence of Defendants' net worth.)"); *E.E.O.C. v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009) (information regarding financial condition of Title VII defendant generally admissible at trial and thus discoverable); *Kalima v. Regents of Univ. of Cal.*, 2007 WL 1514785, at *1-2 (N.D. Cal. May 21, 2007) (document requests regarding defendant's financial condition "vastly overbroad"; parties to meet and confer regarding production of documents reflecting defendant's current net worth).

Out-of-district courts presiding over FCRA cases also have allowed plaintiffs to present to juries evidence relating to a defendant's financial condition in connection with their request for punitive damages. *See Ferrarelli v. Federated Fin. Corp. of Am.*, 253 F.R.D. 432, 433 (S.D. Oh. 2008) (financial condition of defendant "highly relevant" but bifurcating punitive damages phase to avoid possibility of prejudice); *Dixon-Rollins v. Experian Info. Sols., Inc.*, 753 F. Supp. 2d 452, 467 (E.D. Penn. 2010) ("Punitive damages are intended to punish the defendant, not compensate

---

be awarded." (citing *City of Newport*, 453 U.S. at 270)); *see also Charles O. Bradley Tr. v. Zenith Capital LLC*, 2005 WL 1030218, at *1 (N.D. Cal. May 3, 2005) (granting motion to compel information on defendant's net worth and financial condition where defendant did not dispute information relevant to current net worth and financial condition is generally relevant to punitive damages in connection with state law claims (citing *City of Newport*, 453 U.S. at 270)). Federal courts applying California law have vacated punitive damages awards where there was insufficient evidence of the defendant's financial condition in the record. *See Logtale, Ltd. v. Ikor, Inc.*, 2016 WL 7740704, at *3 (N.D. Cal. Feb. 8, 2016) (citing cases).

the plaintiff. Consequently, a 'jury can consider the relative wealth of a defendant in deciding what amount is sufficient to inflict the intended punishment.'" (quoting *Cortez v. TransUnion, LLC*, 617 F.3d 688, 718 n.37 (3d Cir. 2010))); *Saunders v. Equifax Info. Servs*., LLC, 469 F. Supp. 2d 343, 347 (E.D. Va. 2007) (denying motion for remittitur of punitive damages award in FCRA case where jury was instructed about purpose of awarding punitive damages and "the salient factors they could consider in making any award[,]" including "[d]efendant's income and net worth" and where jury based decision on sufficient evidence of misconduct and "the economic ability (substantial net worth) of the offending defendant to withstand such an award").

Defendants note the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit ("Model Instructions") on punitive damages instructs jurors to consider the degree of reprehensibility of the defendant's conduct—including whether the conduct that harmed plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to non-parties—but instructs them not to set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case. Ltr. Br. at 5 (quoting Model Instructions § 5.5 Punitive Damages (2007) (updated 3/2017)). But that instruction also explains "[t]he purposes of punitive damages are to punish a defendant and to deter similar acts in the future. [ ] Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party." *Id*. A FCRA defendant's current net worth is relevant to evaluating whether a punitive damages award is "sufficient to fulfill" its purpose of deterrence. *See Dixon-Rollins*, 753 F. Supp. 2d at 467; *Saunders*, 469 F. Supp. 2d at 347.

Defendants object to Plaintiff's discovery because evidence of their net worth might unduly prejudice a jury assessing the amount of punitive damages in this case. Ltr. Br. at 3-5. This generalized concern is insufficient to overcome the relevance of this information for purposes of discovery. *See* Fed. R. Civ. P. 26(b)(1). This finding does not preclude Defendants from moving the Presiding Judge to exclude the evidence at trial on the ground it would be unduly prejudicial. Even if "evidence of a defendant's financial condition is offered in support of such damages," the Comment to Model Instruction 5.5 suggests a "limiting instruction may be

4

appropriate." Should this case proceed to trial, Defendants may cure any potential prejudice by requesting such a limiting instruction or seeking other appropriate relief.

While Defendants' current net worth is relevant to punitive damages, Plaintiff has requested Defendants produce documents showing their net worth for the five years preceding and including the year of trial, currently set for October 2017. *See* Letona Decl. ¶ 4, Dkt. No. 77-1; Scheduling Order, Dkt. No. 49. The undersigned finds this request is overbroad, and orders Defendants only to produce documents sufficient to show their current net worth. The undersigned also denies Plaintiff's request that Defendants' corporate witnesses be ordered to answer (unspecified) questions they refused to answer at their depositions. *See id.* ¶ 5. These answers would be redundant of the document production being ordered; requiring witnesses, counsel, and a court reporter to reconvene to answer these questions therefore would not be proportional to the needs of the case.

Finally, the Court notes the parties did not, as required by the undersigned's Standing Order re Discovery, attest they met in person to confer regarding this issue, and it appears the parties did not do so. *See* Ltr. Br.; Letona Decl. ¶ 6 ("[T]he parties have engaged in extensive meet and confer on this issue, including telephone calls, e-mails and letters"). Any future letter briefs will be denied without prejudice if they are not accompanied by the required attestation.

The parties also should direct any future discovery matters to the undersigned rather than to Judge Laporte. *See* Notice of Referral for Disc., Dkt. No. 50.

## CONCLUSION

The Court grants in part Plaintiff's request to discover Defendants' net worth for the purpose of setting the amount of punitive damages should they be awarded: Defendants shall produce documents sufficient to show their current net worth.

**IT IS SO ORDERED.**

Dated: April 19, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge